UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDRE FUNCHES                                                                                              PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:13CV790 DPJ-FKB

MISSISSIPPI DEVELOPMENT AUTHORITY AND
BRENT CHRISTENSEN, IN HIS INDIVIDUAL CAPACITY                          DEFENDANTS

ORDER

This employment dispute is before the Court on Defendant Brent Christensen's motion to dismiss [19] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendant Mississippi Development Authority's motion for summary judgment [21] pursuant to Rule 56. Plaintiff Andre Funches has responded in opposition to both motions. For the reasons that follow, Defendants' motions are GRANTED.

I.   Factual and Procedural History

Funches brings this suit under Title VII of the Civil Rights Act of 1964 for alleged discrimination suffered in the course of his employment with the Mississippi Development Authority ("MDA"). Compl. [1] ¶¶ 5–11. Funches claims he was subjected to sexual harassment, sex discrimination, and retaliation. He names as defendants MDA and Brent Christensen, individually, and seeks injunctive relief and damages.

II.  Applicable Standards

A.   Rule 12(b)(6)

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188

F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

B.     Rule 56

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.    Analysis

    A.    Christensen's Motion to Dismiss

As stated, Funches brings this suit against MDA and Brent Christensen, individually, under Title VII for alleged discrimination. But as Christensen notes in his motion to dismiss, "[o]nly 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under [T]itle VII." *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 388 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities.") (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)). Here,

3

Funches states in his Complaint that MDA is his employer and that Christensen is its executive director.  Compl. [1] ¶¶ 4, 5.  So as pleaded, Christensen is not an "employer" under Title VII.  *See Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 464 (5th Cir. 2001) (holding that governmental officers acting in official capacity are not "employers" under Title VII).

Funches responds to Christensen's motion by asserting that a jury must decide the claim.  Pl.'s Resp. [23] at 1.  But he fails to substantively meet Christensen's legal authority.  The Court concludes that the Complaint fails to state a claim against Christensen under Title VII for declaratory or injunctive relief.  Fed. R. Civ. P. 12(b)(6).

The only remaining question is whether dismissal should be with prejudice.  In *Hart v. Bayer Corp.*, the Fifth Circuit explained that "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted).  Significantly, the Court observed that "[a]lthough a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id*. (citation omitted).  In this case, Funches has not requested leave to amend, and any such request would fail because an individual-capacity claim under Title VII against a government official would remain futile.  *See Oden*, 246 F.3d at 464.  Defendant Christensen's motion to dismiss is granted.

   B.  MDA's Motion for Summary Judgment

Turning to MDA's motion, it moves for summary judgment on two grounds:  (1) Funches failed to file suit within ninety (90) days of receiving his right-to-sue notice from the EEOC on

his December 2012 charge of discrimination and (2) Funches did not file his October 2013 charge of discrimination within 180 days of the last incident of alleged discrimination.

"Employment discrimination plaintiffs must exhaust all administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *see also Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004). "Exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* To bring a Title VII claim, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). After investigation, the EEOC issues a notice of the right to sue, and the claimant has ninety days to file a civil action after receipt of such notice. *Taylor*, 296 F.3d at 379. "The requirement to file the lawsuit within the ninety-day limitation period is strictly construed." *Id.* (citing *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)).

        1.       December 2012 Charge

Funches filed his first charge of discrimination on December 20, 2012. Funches Dep. [21-1] at 7. The EEOC then issued a right-to-sue notice on April 12, 2013, which was addressed to Funches at his current address. *Id.* at 5 (confirming correct address); *see also id.* at 8 (Notice). Ninety days from April 12 would be approximately July 12, 2013. Funches filed his suit on December 19, 2013.

Under this calculation, Funches's suit is untimely. But the 90-day period runs from the date the plaintiff "receives" the right-to-sue notice, *Taylor*, 296 F.3d at 379, and here, the parties

dispute when—or if—Funches received it.  When that occurs, courts within the Fifth Circuit presume receipt within three to seven days after issuance.  *See id.* at 379–80.  Therefore, a presumption exists that Funches received the notice by April 19, 2013, at the latest, making his December 2013 Complaint untimely filed.[1]

      This presumption is rebuttable.  *Morgan v. Potter*, 489 F.3d 195, 197 n.1 (5th Cir. 2007).  But Funches has not offered sufficient evidence to do so.  During his deposition, Funches was shown the April 2013 right-to-sue notice, prompting the following exchange:

> Q:    [L]et me . . . ask if that's correspondence you received from the EEOC.
>
> A:    I'm not sure.
>
> Q:    Well, do you recall receiving that document?
>
> A:    I don't remember.
>
> . . .
>
> Q:    Are you saying you did not receive this, or you can't recall, or did you receive this?
>
> A:    I don't remember receiving it.

After giving this equivocal response while under oath, Funches firmly states in his response to MDA's motion for summary judgment that he "never received" the notice.  Pl's Resp. Mem. [25] at 3.

      First, his unsworn statement that he "never received" the notice is not evidence properly before the Court.  *See* Fed. R. Civ. P. 56(c).  And second, even if Funches submitted an affidavit

---

[1]This presumption is buttressed by the fact that the right-to-sue notice was courtesy copied to MDA, and MDA stamped its copy as being received April 15, 2013.  *See* Funches Dep. [21-1] at 8 (Notice).  This indicates that the EEOC mailed the notice and that at least one addressee received it within three days.

stating the same, his attempt to contradict his sworn testimony without explanation would not overcome MDA's summary-judgment motion. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir.1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.").

Looking then to Funches's testimony, it at best establishes that he does not remember receiving the notice. But "summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (citations omitted, punctuation altered). Even in a light most favorable to him, his testimony as a whole never denies receiving the notice he concedes was properly addressed to him. And he offers no other record evidence suggesting that it was not mailed as indicated.

Other courts faced with similar evidence have applied the presumption of receipt. *See Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 548 (5th Cir. 2010) (presuming delivery date when plaintiff asserted in unsworn affidavit that she could not "recall the date" she received notice); *Morgan*, 489 F.3d at 197 n.1 (suggesting that mere claim of receiving notice within statutory window without "evidence to that effect" would be insufficient but concluding that argument was waived); *Rice v. Kaufman & Broad Home Corp.*, No. 4:08–CV–237–A, 2009 WL 2523737, at *2–3 (N.D. Tex. Aug. 18, 2009) (holding that plaintiff's "shifting testimony" about whether he received notice, and if so when, did "not rebut the presumption" of receipt); *see also Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) (affirming summary judgment and rejecting plaintiff's self-serving claim that she received right-to-sue notice at later

date); *I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc.*, 182 F.3d 51, 56 (1st Cir. 1999) (holding that deposition testimony that plaintiff "did not remember receiving" document is not enough to create question of fact) (citing *Posey v. Skyline Corp.*, 702 F.2d 102, 106 (7th Cir. 1983) (same)).

The Court views Funches's testimony in the same light. And because he has not created a material question of fact regarding receipt, the Court presumes that Funches received the notice no later than April 19, 2013. His suit filed December 19, 2013, is untimely as to this first charge.

### 2. October 2013 Charge

Funches filed his second charge of discrimination on October 16, 2013. Funches Dep. [21-1] at 6. He complained of being "unfairly disciplined in writing and harassed," characterized the discrimination as retaliation, and listed the dates of discrimination as March 12, 2013 (earliest) to March 25, 2013 (latest). *Id.* Using the latest date of the alleged discriminatory acts, Funches's charge of discrimination was filed more than 180 days after the discriminatory event; therefore, the charge is untimely, and his suit is due to be dismissed. *See Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013) ("Generally, when an employment discrimination charge is untimely filed with the EEOC or designated state agency, a suit based upon the untimely charge should be dismissed.") (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476–77 (5th Cir. 1991)).

In his response, Funches argues that he received a right-to-sue notice on this charge dated September 24, 2013—almost one month <u>before</u> he signed the charge on October 16, 2013—and because he filed suit within ninety days of receiving that notice, his suit is timely. *See* Pl.'s Ex. [24-1] at 15. The fact that Funches decided to file his charge after receiving notice that he had waited too long does not revive his claim. As explained by the EEOC in its Dismissal and

Notice of Rights, the "charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Pl.'s Ex. [24-1] at 15. The relevant time period as to the October 2013 charge is the time between the discriminatory act (March 2013) and the filing of the charge (October 2013). Because more than 180 days elapsed between the two, the charge is untimely.

Funches also argues that his claims are not time-barred because he has alleged continuing harassment that created a hostile work environment. Relying on *National Railroad Passenger Corp. v. Morgan*, he insists that his claim is timely if at least one act falls within the limitations period. 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). But Funches has not produced any evidence to contradict his October 2013 EEOC Charge, in which he represented that the retaliation ceased on March 25, 2013. Pl.'s Ex. [24-1] at 16. And he cannot overcome a motion for summary judgment with conclusory allegations. Dismissal is appropriate.

IV.     Conclusion

IT IS, THEREFORE, ORDERED that Defendant Brent Christensen's motion to dismiss [19] is granted and Defendant MDA's motion for summary judgment [21] is granted. Plaintiff's claims are dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE